IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TAMMY LYNN CROUCHER,              )
                                 )
              Plaintiff,          )
                                 )    CIVIL ACTION
v.                               )
                                 )    No. 06-4117-SAC-JTR
                                 )
MICHAEL J. ASTRUE,[1]            )
Commissioner of Social Security, )
                                 )
              Defendant.          )
_____)


REPORT AND RECOMMENDATION


    Plaintiff filed a "Motion for Summary Judgment," pursuant to
Fed. R. Civ. P. 56(a) in this suit against the Commissioner of
Social Security, seeking relief "in the form of an Order
reversing the administrative decision of the Defendant or, in the
alternative, remanding the matter for a new hearing." (Doc. 10).
Plaintiff's memorandum in support of her motion for summary
judgment is titled "Initial Brief of Plaintiff." (Doc. 11).  The
court construes plaintiff's memorandum in support as plaintiff's
initial brief in a Social Security Appeal pursuant to District of

_____

    [1]On Feb. 12, 2007, Michael J. Astrue was sworn in as
Commissioner of Social Security.  In accordance with Rule
25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is
substituted for Commissioner Jo Anne B. Barnhart as the
defendant.  In accordance with the last sentence of 42 U.S.C.
§ 405(g), no further action is necessary.

Kansas Rule 83.7.  As construed, plaintiff's motion seeks review of a final decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits and supplemental security income under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act).  The matter has been referred to this court for a report and recommendation.  The court recommends plaintiff's motion be DENIED in so far as it seeks summary judgment in this case.  In so far as the motion seeks judicial review pursuant to § 405(g) of the Act, the court recommends the Commissioner's decision below be REVERSED and the case be REMANDED for proceedings consistent with this opinion.

**I.   Background**

Plaintiff's applications for disability insurance benefits and supplemental security income were denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge (ALJ).  (R. 20-27, 28-29, 397-98).  The ALJ applied the sequential evaluation process and determined at step five of the process that, considering plaintiff's vocational profile, age, education, and residual functional capacity (RFC), there are a significant number of jobs in the economy of which plaintiff has been capable since her alleged onset of disability and she is not disabled within the meaning of the Act.  (R. 25-26).

Plaintiff disagreed with the ALJ's decision and sought review by the Appeals Council. (R. 11-16). Plaintiff's request was denied. (R. 8-10). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 8); Threet v. Barnhart, 353 F.3d 1185, 1187 (10th Cir. 2003). Plaintiff now seeks judicial review.

**II.  Legal Standard**

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support the conclusion. Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 800 (10th Cir. 1991)). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other

-3-

evidence or if it constitutes mere conclusion.  <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d); <u>see also</u>, <u>Barnhart v. Walton</u>, 535 U.S. 212, 217-22 (2002)(both impairment and inability to work must last twelve months).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  <u>Id.</u>; 20 C.F.R. §§ 404.1520, 416.920 (2004).

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920; <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1142 (10th Cir. 2004); <u>Ray</u>, 865 F.2d at 224.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and

-4-

whether the severity of her impairments meets or equals the
Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).
Id. at 750-51.  If plaintiff's impairment does not meet or equal
a listed impairment, the Commissioner assesses claimant's RFC.
20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at
both step four and step five of the process.  Id.

     After assessing claimant's RFC, the Commissioner evaluates
steps four and five, whether the claimant can perform her past
relevant work, and whether she is able to perform other work in
the national economy.  Williams, 844 F.2d at 751.  In steps one
through four the burden is on claimant to prove a disability that
prevents performance of past relevant work.  Dikeman v. Halter,
245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751
n.2.  At step five, the burden shifts to the Commissioner to show
other jobs in the national economy within plaintiff's capacity.
Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

     Plaintiff claims the ALJ erred in failing to give
controlling weight to the opinion of plaintiff's treating
physician, Dr. Braun, and consequently erred in her evaluation of
the credibility of plaintiff's allegations of pain and limiting
symptoms.  The Commissioner argues that the ALJ properly weighed
the medical opinions and properly assessed plaintiff's
credibility.  Before considering each claim, the court addresses
plaintiff's "Motion for Summary Judgment."

-5-

**III. Motion for Summary Judgment**

In 1974, the Tenth Circuit held that in reviewing an agency action under the "substantial evidence" standard, "and where there is 'substantial controversy' as to the 'material facts,' the district court is precluded from entering a Fed.R.Civ.P. 56 type of 'summary judgment.'" Nickol v. United States, 501 F.2d 1389, 1391 (10th Cir. 1974)(discussing review of agency action pursuant to the Administrative Procedure Act). The issue was again addressed by the Tenth Circuit in 1992 in the context of review of a decision of the Secretary of Health and Human Services denying disability benefits. Hamilton v. Sec'y of Health and Human Serv., 961 F.2d 1495, 1500-04 (10th Cir. 1992)(Kane, Sr. Dist. J., concurring). In Hamilton, the District Court for the District of Kansas granted the Secretary's motion to affirm the decision below, and plaintiff appealed to the Tenth Circuit. Id. at 1497. The appellate court determined that substantial evidence supported the Secretary's decision, and affirmed. Id. at 1500.

In a concurring opinion, Senior District Judge Kane of the District of Colorado discussed problems presented when attempting to resolve social security disability claims pursuant to a motion to affirm, a motion for judgment, or a motion for summary judgment. Id., 961 F.2d at 1501. Specifically, Judge Kane noted that summary judgment is inappropriate both because the district

-6-

court is acting as the first-tier appellate court and because the court does not apply the summary judgment standard but considers whether the Secretary applied the correct legal standards and whether the record as a whole contains substantial evidence to support the agency's decision.  Id.  Judge Kane concluded that courts should process social security reviews as appeals not on motions to affirm or for summary judgment.  Id. at 1504.

In 1994, the Tenth Circuit again addressed the use of motions to affirm or motions for summary judgment in seeking review of agency action in the district court.  Olenhouse v. Commmodity Credit Corp., 42 F.3d 1560 (10th Cir. 1994).  In Olenhouse, the District Court for the District of Kansas had granted the motion of the Agricultural Stabilization and Conservation Service to affirm the agency's decision.  Id. at 1564, 1579.  In an opinion authored by Judge Kane, the Tenth Circuit discussed the district court's use of motions to affirm and motions for summary judgment in deciding issues presented in reviewing agency actions:

> This process, at its core, is inconsistent with the standards for judicial review of agency action under the APA.  The use of motions for summary judgment or so-called motions to affirm permits the issues on appeal to be defined by the appellee and invites (even requires) the reviewing court to rely on evidence outside the administrative record.  Each of these impermissible devices works to the disadvantage of the appellant.  We have expressly disapproved of the use of this procedure in administrative appeals in the past, and explicitly prohibit it now.

Id. 42 F.3d at 1579-80 (citing Fed.R.Civ.P 56; and Hamilton, 961 F.2d 1495, at 1503-04) (citations omitted).  The court held that review of administrative actions must be processed in the district court as appeals.  Id. at 1580.  The District of Kansas has subsequently amended local rule 83.7 to conform with the requirements of Olenhouse.  D. Kan. R. 83.7 (2007) *available online at* http://www.ksd.uscourts.gov/rules/LocalRules06.pdf (Page 111 of 234).

Judicial review of the Commissioner's orders are governed by local rule.  D. Kan. Rule 83.7.  Pursuant to that rule, plaintiff is to file a brief within forty-five days after the record is filed with the court, the Commissioner will file a brief in response within thirty days, and plaintiff may file a reply brief within fourteen days thereafter.  Id. 83.7(d).  The court will then review the Commissioner's decision.[2]

In accordance with controlling precedent as explained above, this court is prohibited from entertaining a motion for summary

---

[2]In the CM/ECF system for electronic filing, the court has provided a means to file the requisite briefs.  When an attorney is ready to file a Social Security brief on the CM/ECF system, she should sequentially select the "Civil" menu bar, select "Responses and Replies" under the "Motions, Supporting Documents, Responses, Replies & Social Security" heading, and select either "Social Security - Commissioners Response Brief," "Social Security - Plaintiffs Initial Brief," "Social Security - Plaintiffs Reply Brief," or "Social Security - Surreply Brief" as appropriate from the options in the "drop-down" box that next appears.  She should complete filing from that point.  Following the correct procedure will ensure that the brief is properly docketed.  No additional motions or memoranda are required.

judgment in a Social Security disability case.  Plaintiff's "Motion for Summary Judgment" must, therefore, be denied. Nonetheless, plaintiff's complaint (Doc. 1) sought judicial review of the Commissioner's decision below, and her memorandum in support of her summary judgment motion has been construed as "Plaintiff's Initial Social Security Brief."  Therefore, the court will review the Commissioner's decision.

## IV.  Treating Physician Opinion

The ALJ reported and summarized the opinions of several physicians in her decision.  She noted that Dr. Knappenberger (an orthopedist who had treated plaintiff when she fell and hurt her back at work) opined that plaintiff was limited to lifting no more than ten pounds with no repetitive bending or stooping.  (R. 22)(citing Ex. B1F/7 (R. 232)).  She summarized a consultation report by another orthopedist, Dr. Cordell, provided at the request of plaintiff's treating physician.  (R. 23)(citing Ex. B2F/3 (R. 242)).  She found that Dr. Cordell's recommendations of swimming or walking for exercise are inconsistent with total disability.  (R. 23).  She discussed the report prepared by Dr. Quick, a consultant who examined plaintiff at the request of the state agency, and stated Dr. Quick's opinion that plaintiff is capable of sedentary work so long as she is able to change position at will and avoids heavy lifting and frequent bending and twisting.  (R. 23)(citing Ex. B5F (R. 276-77)).

She also discussed the opinion of plaintiff's family physician, Dr. Braun.  (R. 23).  She stated Dr. Braun's opinion that plaintiff cannot lift more than ten pounds occasionally; cannot perform repetitive lifting, bending, and twisting; can sit only thirty minutes at a time; can stand/walk only for short periods; and must change position frequently.  Id.  She noted that Dr. Braun opined plaintiff must lie down after doing light housework, will have several bad days a month where she will be required to lie down several hours and will miss significant time from work.  Id.(citing Ex. B10F/3 (R. 368)).

The vocational expert testified that certain jobs were within the RFC assessed by the ALJ.  The ALJ found those jobs were also within the limitations opined by Drs. Cordell, Knappenberger, and Quick.  (R. 25).  The ALJ discounted the opinion of Dr. Braun, plaintiff's treating physician, because it is the only opinion which precludes all work; because it is inconsistent with the objective evidence; and because "it appears to be based completely on claimant's subjective complaints of pain and needing to lie down."  (R. 23, 24).

Plaintiff claims Dr. Braun's opinion should have been given controlling weight because it is well supported by medically acceptable clinical or laboratory diagnostic techniques, and because it is "not inconsistent" with the opinions of Drs. Knappenberger, Cordell, and Quick.  (Pl. Br. 10-12).

Alternatively, plaintiff argues that even if Dr. Braun's opinion is not given controlling weight, the ALJ erred because her decision is not well reasoned and deference should be given in weighing Dr. Braun's opinion as the opinion of a treating physician and in accordance with the regulatory factors. Moreover, in making her arguments with regard to the credibility of her allegations, plaintiff argues that Dr. Braun's opinion supports plaintiff's allegations.

The Commissioner argues that the ALJ properly weighed the medical evidence.  Specifically, he argues that the ALJ "properly concluded that [Dr. Braun's opinion] was not entitled to controlling weight, and he properly discounted the weight attributable to portions of the opinion that were inconsistent with the other evidence of record." (Comm'r Br. 4).  He argues that the ALJ properly discounted Dr. Braun's opinion because it "appeared to be based in large part on Plaintiff's subjective complaints." (Comm'r Br. 5)(citing Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004)).  Finally, the Commissioner noted that Dr. Braun's opinion regarding plaintiff's credibility and employability are issues reserved for determination by the ALJ. (Comm'r Br. 6).  The court disagrees with the Commissioner's analysis.

As the Commissioner's argument implies, in evaluating a treating physician's opinion the ALJ must first determine whether

the opinion is entitled to controlling weight.  The Tenth Circuit
has explained the nature of this inquiry.  Watkins v. Barnhart,
350 F.3d 1297, 1300-01 (10th Cir. 2003).  The ALJ first
determines "whether the opinion is 'well-supported by medically
acceptable clinical and laboratory diagnostic techniques.'" Id.
at 1300 (quoting SSR 96-2p).  If the opinion is well-supported,
the ALJ must then determine whether the opinion is consistent
with other substantial evidence in the record.  Id. (citing SSR
96-2p).  "[I]f the opinion is deficient in either of these
respects, then it is not entitled to controlling weight."  Id.

As the Commissioner argues, the ALJ found that Dr. Braun's
opinion is inconsistent with the other substantial evidence in
the record--specifically, the other medical opinions.  (R. 23).
Plaintiff argues that in accordance with Soc. Sec. Ruling (SSR)
96-2p Dr. Braun's opinion is "not inconsistent" with the other
substantial evidence because "there is no substantial evidence in
the case that contradicts or conflicts with the opinion."  (Pl.
Br. 11)(quoting SSR 96-2p).  As the ALJ noted, Dr. Braun's
opinion is the only one "which precludes the performance of all
work," and at least to that extent is inconsistent with the other
opinions.  (R. 24).

Plaintiff argues that although the other physicians did not
discuss a need to lie down during the work day or a need to miss
significant time from work, that fact does not make the opinions

-12-

inconsistent with Dr. Braun's opinion.  Rather, in plaintiff's
view, the other opinions merely did not address those issues and
are, therefore, not inconsistent with Dr. Braun's opinion.  (Pl.
Br. 12-13).  Plaintiff's argument ignores the inconsistency as
framed by the ALJ (Dr. Braum's is the only opinion which
precludes all work).  Because the ALJ's understanding of the
evidence is a reasonable understanding and is supported by
substantial evidence in the record, the court must accept it.
Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989)("[T]he
possibility of drawing two inconsistent conclusions from the
evidence does not prevent an administrative agency's findings
from being supported by substantial evidence.")(quoting Consolo
v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966)).  Moreover, as
plaintiff acknowledges, Dr. Quick stated her opinion specifically
that within certain restrictions plaintiff "will be able to work
in a sedentary-type position."  (Pl. Br. 12)(quoting (R. 277)).
This opinion is inconsistent with Dr. Braun's opinion which would
preclude all work.

However, despite the Commissioner's assertion that the ALJ
properly found Dr. Braun's opinion not entitled to controlling
weight, the ALJ merely stated that Dr. Braun's opinion was the
only medical opinion which precludes all work.  She did not make
a specific finding that the opinion was inconsistent with other
substantial evidence, and she did not make a finding that Dr.

Braun's opinion was unworthy of controlling weight.  Moreover,
she did not make any evaluation of what lesser weight Dr. Braun's
opinion might be worthy, and she did not reject the opinion
entirely.  Thus, the court is left to speculate what weight Dr.
Braun's opinion was given, what portions of the opinion were
rejected, what portions of the opinion were accepted, and why.
The court may not speculate.  The Tenth Circuit has repeatedly
held that "'[u]nder the regulations, the agency rulings, and our
case law, an ALJ must give good reasons ... for the weight
assigned to a treating physician's opinion,' that are
'sufficiently specific to make clear to any subsequent reviewers
the weight the adjudicator gave to the treating source's medical
opinions and the reason for that weight.'"  Robinson, 366 F.3d at
1082(quoting Watkins, 350 F.3d at 1300).  The ALJ's failure to do
so is error requiring remand.

     Finally, the Commissioner's argument that the ALJ properly
discounted Dr. Braun's opinion because it "appeared to be based
in large part on Plaintiff's subjective complaints," (Comm'r Br.
5)(emphasis added) is a misstatement of the decision and is
without support in Tenth Circuit law.  Contrary to the
Commissioner's brief as emphasized above, the decision reveals
that the ALJ discounted Dr. Braun's opinion because the "opinion
appears to be based completely on claimant's subjective
complaints."  (R. 24)(emphasis added).

The Commissioner supports his argument with a citation to Robinson, 366 F.3d at 1084, explaining that the Robinson court held it is "proper to discount treating physician opinion based on claimant's subjective complaints." (Comm'r Br. 5). The court is unable to locate anything remotely approaching such a holding in the Robinson opinion. The Robinson court held the ALJ erred in four respects in evaluating a treating physician's opinion. Robinson, 366 F.3d at 1083-84. First, the ALJ failed to articulate the weight given the physician's opinion and failed to explain his reasons; second, he improperly rejected the opinion based upon his own speculative lay opinion; third, he failed to seek clarification from the physician; and fourth, he improperly discounted the treating physician's opinion in favor of the opinion of a non-examining consultant. Id. Nowhere did the court even address whether it is proper to discount a treating physician's opinion because it is based largely (or completely) on plaintiff's subjective complaints.

Moreover, the Tenth Circuit has specifically addressed the issue elsewhere. "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports." McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002). Where the ALJ has no evidentiary basis for finding that a treating physician's opinion is based only on plaintiff's subjective complaints, his conclusion to that effect

is merely speculation which falls within the prohibition of
McGoffin.  Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir.
2004).  Such a conclusion, if made, should be based upon evidence
taken from the physician's records.  Victory v. Barnhart, 121 F.
App'x 819, 823-24 (10th Cir. 2005).  Because the ALJ reached such
a conclusion in this case and did not support her conclusion with
citation to evidence from the record which provides a basis for
her conclusion, the decision must be remanded for a proper
evaluation of the medical opinions, stating whether the treating
physician's opinion is given controlling weight.  If the treating
physician's opinion is not given controlling weight, the decision
must include a relative weighing of all the medical opinions
explaining what weight is accorded each opinion, and why.  If
greater weight is given to the opinions of the non-treating or
non-examining physicians, the ALJ must explain how she determined
those opinions outweigh the opinion of the treating physician.
She may discount the treating physician's opinion as based on
plaintiff's subjective complaints only if she provides an
evidentiary basis supported in the record evidence.

    Plaintiff claims that the ALJ erred in evaluating the
credibility of plaintiff's allegations of disabling symptoms
because the ALJ failed to consider all of the relevant factors as
required by the regulations and case law.  She next explains her
view of how the relevant evidence supports a finding that her

allegations are credible, and finally, she argues that "if Dr.
Braun's opinion is considered credible, it follows that Ms.
Croucher's complaints . . . are also credible." (Pl. Br. 19).
The court notes that the ALJ need not necessarily accept
plaintiff's view of the relevant evidence.  Moreover, as
plaintiff's argument implies, a proper evaluation of the medical
opinions will likely affect the ALJ's credibility analysis.
Therefore, it would be premature for the court to evaluate the
credibility determination at this time.  Plaintiff may make her
arguments regarding credibility on remand.

IT IS **THEREFORE RECOMMENDED** that plaintiff's motion be
DENIED in so far as it seeks summary judgment in this case.

IT IS **FURTHER RECOMMENDED** that, in so far as plaintiff's
motion seeks judicial review pursuant to § 405(g) of the Act, the
Commissioner's decision below be REVERSED and JUDGMENT be entered
pursuant to the fourth sentence of that section, REMANDING the
case for proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered
to counsel of record for the parties.  Pursuant to 28 U.S.C.
§ 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the
parties may serve and file written objections to this
recommendation within ten days after being served with a copy.
Failure to timely file objections with the court will be deemed a

waiver of appellate review.  <u>Hill v. SmithKline Beecham Corp.</u>,
393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 27th day of August 2007, at Wichita, Kansas.


s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**