IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMMY LYNN CROUCHER,

                Plaintiff,

Vs.                                        No. 06-4117-SAC

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

MEMORANDUM AND ORDER

The court referred this administrative appeal to the United States Magistrate Judge for report and recommendation. The Magistrate Judge filed his opinion on August 27, 2007, recommending that the Commissioner's decision denying benefits be reversed pursuant to sentence four of § 405(b) of the Social Security Act ("SSA") and that the case be remanded for proceedings consistent with the filed opinion. (Dk. 15). The Commissioner has timely objected to the magistrate's report and recommendation. (Dk. 17). The plaintiff has filed a memorandum in support of the report and recommendation. (Dk. 18).

## STANDARD OF REVIEW

"De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991) (citations omitted). Rule 72(b) of the Federal Rules of Civil Procedure requires a district judge to determine de novo those parts of the magistrate judge's recommended ruling to which there has been a proper objection. "Those parts of the report and recommendation to which there has been no objection are taken as true and judged on the applicable law." *Soverns v. Astrue*, 501 F. Supp. 2d 1311, 1313 (D. Kan. 2007) (citation omitted).

The district court has considerable judicial discretion in choosing what reliance to place on the magistrate judge's findings and recommendations. *See Andrews v. Deland*, 943 F.2d 1162, 1170 (10th Cir. 1991) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)), *cert. denied*, 502 U.S. 1110 (1992). When review is de novo, the district court may follow or ignore the recommendation so long as it makes an independent determination of the contested matters without affording any particular weight to the recommendation. *Id.* In short, the district court "may accept, reject, or modify the" recommendation. Fed. R. Civ. P. 72(b).

Judicial review of the Commissioner's decision entails determining whether it applied correct legal standards and whether its findings are supported by substantial evidence in the record. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). Substantial evidence is more than "a mere scintilla" overwhelmed by other evidence of record, *Langley v. Barnhart*, 373 F.3d at 1118, but it is "less than a preponderance," *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "'We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's.'" *Lax v. Astrue*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). Though the evidence makes it possible to reach contradictory conclusions, substantial evidence may still support an agency's finding which precludes the reviewing court from acting as if review was de novo and then replace the agency's choice with its own. *Lax v. Astrue*, 489 F.3d

at 1084.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The plaintiff argued that the ALJ had erred in not giving controlling weight to the opinion of her treating physician, Dr. Braun. The magistrate judge considered that the ALJ had "discounted" Dr. Braun's opinion on three grounds: 1) it was the only medical opinion that precluded the plaintiff from all work; 2) it was inconsistent with objective evidence; and 3) it apparently was "based completely on claimant's subjective complaints of pain and needing to lie down." (Dk. 15, p. 10). In reviewing the ALJ's determination, the magistrate judge looked to the sequential analysis rule used in this circuit for evaluating a treating physician's opinion. *Id.* at 11-12.

The magistrate judge first addressed the plaintiff's argument that Dr. Braun's opinion on the plaintiff's need to lie down and/or to miss work regularly is "not inconsistent" with other medical opinions, as those physicians did not directly consider or address the plaintiff's need for rest and absences. The magistrate judge rejected this argument in that the ALJ had framed this inconsistency to be simply that Dr. Braun's opinion was the only medical opinion to preclude the performance of all work. The

magistrate judge concluded this finding of the ALJ had to be accepted because it was a reasonable understanding of the medical opinion evidence and was "supported by substantial evidence." *Id.* at 13.  As proof of the inconsistency in the medical opinions, the magistrate judge cited Dr. Quick's opinion on the plaintiff being able to perform sedentary work.

The magistrate judge then observed that the ALJ's analysis of Dr. Braun's opinion, however, did not go beyond noting its uniqueness among the medical opinions:

> However, despite the Commissioner's assertion that the ALJ properly found Dr. Braun's opinion not entitled to controlling weight, the ALJ merely stated that Dr. Braun's opinion was the only medical opinion which precludes all work.  She did not make a specific finding that the opinion was inconsistent with other substantial evidence, and she did not make a finding that Dr. Braun's opinion was unworthy of controlling weight.  Moreover, she did not make any evaluation of what lesser weight Dr. Braun's opinion might be worthy, and she did not reject the opinion entirely.  Thus, the court is left to speculate what weight Dr. Braun's opinion was given, what portions of the opinion were rejected, what portions of the opinion were accepted, and why.  The court may not speculate.  The Tenth Circuit has repeatedly held that "'[u]nder the regulations, the agency rulings, and our case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion,' that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight.'"  *Robinson*, 366 F.3d at 1082 (quoting *Watkins*, 350 F.3d at 1300).  The ALJ's failure to do so is error requiring remand.

(Dk. 15, pp. 13-14).  In short, the magistrate judge found that the ALJ's

decision fails to provide sufficiently specific findings on the weight assigned to Dr. Braun's opinion and the reasons for doing so.  The magistrate judge further found that the ALJ had discounted Dr. Braun's opinion for being based completely on claimant's subjective complaints but had failed to support her conclusion with any citations to evidence.  (Dk. 15, pp. 15-16). "Where the ALJ has no evidentiary basis for finding that a treating physician's opinion is based only on plaintiff's subjective complaints, his conclusion to that effect is merely speculation which falls within the prohibition of *McGoffin*.  *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004)."  *Id.*

**COMMISSIONER'S OBJECTIONS**

The Commissioner writes that the ALJ's decision shows Dr. Braun's opinion was properly considered and discounted on valid and appropriate grounds.  In particular, the ALJ plainly accorded some weight to Dr. Braun's opinion but stopped short of controlling weight because the opinion conflicted with the other physicians' opinions.  Indeed, the material conflict with the other medical opinions was Dr. Braun's assessment that the claimant would need to lie down during the work day and miss work frequently.  The Commissioner likewise believes the ALJ's decision, though

6

lacking the specific terminology and reasoning, still is clear in rejecting Dr. Braun's opinion in this regard because it was inconsistent with every other medical opinion of record and because it appeared to have been based solely on the plaintiff's subjective complaints.  The Commissioner cites *White v. Barnhart*, 287 F.3d 903, 907-08 (10th Cir. 2002), as authority for an ALJ to reject a treating physician's opinion when based on the claimant's subjective complaints instead of objective medical evidence. The Commissioner complains of the waste of resources required by a remand to insert "a few legally insignificant words" into a decision that already permits meaningful judicial review.  (Dk. 17, p. 5).

**PLAINTIFF'S RESPONSE**

The plaintiff reiterates the magistrate judge's determination that the ALJ failed to make specific findings with regard to Dr. Braun's opinion. The ALJ did not expressly state that Dr. Braun's opinion was inconsistent with other substantial evidence or that his opinion was unworthy of controlling weight.  The ALJ did not state specifically what weight was actually afforded Dr. Braun's opinion.  Finally, the ALJ offered no specific record citations or evidentiary basis in support of the conclusion that Dr. Braun's opinion "appears to be based completely on claimant's subjective

complaints of pain and needing to lie down." (Dk. 9, Admin. Rec. at p. 24).

## ANALYSIS AND DISCUSSION

Under the treating physician rule, "the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources." *Langley v. Barnhart*, 373 F.3d at 1119 (citing 20 C.F.R. § 404.1527(d)(2)). "The treating physician's opinion is given particular weight because of his unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (quotation and citation omitted). Consistent with this deferential approach, the ALJ's evaluation of a treating physician's opinion begins with determining whether it is entitled to controlling weight. *Id.* This is the first step in the sequential analysis that should guide an ALJ's evaluation of a treating physician's opinion:

> An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted). If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. *Id.* In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id.*

*Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir.2003)).

If found deficient and not entitled to controlling weight, the treating physician's opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927." *Robinson*, 366 F.3d at 1082 (quoting *Watkins*, 350 F.3d at 1300). Those factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Langley*, 373 F.3d at 1119. The Tenth Circuit also has highlighted from those regulations the following:

> "Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion," that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Id*. at 1300 (quotations omitted). "[I]f the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Id*. at 1301 (quotations omitted).

*Langley v. Barnhart*, 373 F.3d at 1119 (citing *Watkins*, 350 F.3d at 1300-

01). "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion.*" *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (quotation omitted) (emphasis in original).

The magistrate judge's criticisms of the ALJ's decision are well-supported by the record and fully consistent with established Tenth Circuit precedent. The ALJ's evaluation and findings with regard to Dr. Braun's opinion do not comport with Tenth Circuit precedent. While stating that Dr. Braun's assessment was the "only opinion in the record which would preclude the performance of all work," the ALJ did not find specifically that the other medical opinions amounted to substantial evidence. Nor did the ALJ find that Dr. Braun's opinion was inconsistent with other substantial evidence. Of the medical opinions identified and discussed in the ALJ's decision, Dr. Braun's opinion is unique in addressing the claimant's need to rest during the day and her need to be inactive during "bad days" each month. No other identified physician expressly considers or discusses such needs, and only the opinion of the consulting medical examiner is

necessarily inconsistent with Dr. Braun's opinion because it does conclude that the claimant can perform sedentary work. The court is not saying that the ALJ could not find Dr. Braun's opinion to be inconsistent with substantial evidence of record, but the court disagrees with the Commissioner that such a finding and the sufficiently specific reasons in support of it are plain from the ALJ's decision.

      The magistrate judge also correctly found that the ALJ's decision is deficient in not setting forth what lesser weight than controlling is given to Dr. Braun's opinion, what portions of Dr. Braun's opinion have been accepted or rejected, and what specific and legitimate reasons support the ALJ's assignment of such weight to Dr. Braun's opinion. With respect to Dr. Braun's opinion, the ALJ wrote the following:

> Claimant was examined by one of her family physicians, Dr. Braun, in 2005 and given prescription refills for her chronic back pain. He completed a disability statement on May 18, 2005 which indicated claimant could not lift over 10 pounds occasionally and could do no repetitive lifting, bending, or twisting. He noted she was capable of sitting 30 minutes, standing/walking for short periods and needed to change position frequently. He noted she should lie down after doing light housework and would have several bad days per month when she would have to lie down for several hours and as such, would miss significant periods of time (Ex B10F/3 and B11F). This is the only opinion in the record which would preclude the performance of all work. All the others allow for the performance of some work.
> . . . .
> . . . The undersigned notes factors to consider when weighing

> medical opinions are: . . . .  There is only one opinion, from one of claimant's family doctors, which precludes the performance of all work.  This opinion appears to be based completely on claimant's subjective complaints of pain and need to lie down.

(Dk. 9, Admin. Rec. at pp. 23-24).  Such findings plainly are not sufficient for this court to determine what lesser weight has been given Dr. Braun's opinion and what specific legitimate reasons exist for doing so.  Thus, this court "cannot simply presume the ALJ applied the correct legal standards in considering [Dr. Braun's] opinions."  *Robinson v. Barnhart*, 366 F.3d at 1083 (quotation and citation omitted).

The magistrate judge properly held that the ALJ discounts Dr. Braun's opinion as apparently "based completely on claimant's subjective complaints" without offering any evidentiary basis for this finding.  This amounts to a "speculative conclusion" without some legal or evidentiary basis for this finding.  *Langlely v. Barnhart*, 373 F.3d at 1121.  The ALJ does not refer to anything in Dr. Braun's report or records to indicate that he was relying only on his patient's subjective complaints in addressing her frequent need for rest and the likelihood of "bad days" in dealing with the chronic back pain.   The magistrate judge correctly describes what must be done on remand as a result of this speculative conclusion and the other inadequate findings:

> Because the ALJ reached such a conclusion in this case and did not support her conclusion with citation to evidence from the record which provides a basis for her conclusion, the decision must be remanded for a proper evaluation of the medical opinions, stating whether the treating physician's opinion is given controlling weight. If the treating physician's opinion is not given controlling weight, the decision must include a relative weighing of all the medical opinions explaining what weight is accorded each opinion, and why. If greater weight is given to the opinions of the non-treating or non-examining physicians, the ALJ must explain how she determined those opinions outweigh the opinion of the treating physician. She may discount the treating physician's opinion as based on plaintiff's subjective complaints only if she provides an evidentiary basis supported in the record evidence.

(Dk. 15, p. 16).[1] In short, the ALJ's decision fails to demonstrate that Dr. Braun's opinion was evaluated under the correct standards.

Because the case must be remanded for a proper evaluation of the medical evidence and medical opinions, and in particular Dr. Braun's, it would be premature now, as the magistrate judge observed, to review the ALJ's credibility analysis used on the claimant's allegations of disabling symptoms. On remand, the plaintiff may renew her credibility arguments.

IT IS THEREFORE ORDERED that after conducting a de novo

---

[1]The magistrate judge's instructions on remand incorporate one of the established rules that "[w]hen a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physician's reports to see if they outweigh the treating physician's report, not the other way around." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (quotation and citation omitted).

review of the record and independently determining the issues advocated by the Commissioner's objection to the magistrate judge's report and recommendation and by the parties' memoranda, the court accepts the report and recommendation and adopts it and the instant order as the ruling of this court, reversing the Commissioner's decision and remanding this case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Dated this 20th day of February, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge